Carr, J.
delivered the opinion of the court. This case has been strangely managed, and curiously compounded, in the court below. Taking it upon the original bill, it is simply the case of the heirs at law claiming the dower slaves, after the death of the dowress; and this is a clear legal claim; for after the assignment of dower the administrator had nothing to do with the dower slaves. The widow had a life estate in them; they never afterwards devolved to the administrator, or formed any part of the assets. At the death of the dowress, then, what was to impede the claim of the heir, in a court of law"? I can see nothing. No discovery was sought. As to the prayer .for a ne exeat, that could not give jurisdiction, if the plaintiffs had a legal demand. The ne exeat is a proceeding in equity to obtain bail, in a case where there is a demand or claim in equity *152 but not at law; for if it be a legal claim, then the plaintiff may have bail at law; and equity (except in a few cases of concurrent jurisdiction) will not entertain him. Rhodes v. Cousins, 6 Rand. 188. Upon the original bill, then, the claim was a legal one, and the bill was properly dismissed. But the amended bill alleges, that Mrs. Rucker was administratrix of the first husband’s estate; and an order of court is produced to prove her qualification in 1786, and an inventory of the estate. And Martin Parks, one of the plaintiffs, qualifies as administrator de bonis non of John Parks; and, in that character, calls upon Rucker to account for his wife’s administration, and his own. The answer of Rucker demurs to this new modelling of the case, and adding new plaintiffs and defendants, admits, that his wife did qualify as administratrix, but denies that she ever acted in that character, or received or held any property as administratrix, or that she ever had any thing to do with the inventory, and he relies on the great length of time after which he is called on to account for himself and wife. He denies also, that she or he ever held the slaves as dower slaves, or that any dower was ever assigned to her; and says, that they have held them as their own property exclusively, for above thirty years; and he relies on this holding for title. There is no proof in the record, that Mrs. Rucker, or her second husband Rucker, ever acted as administrators; and the call for an account after this length of time, is certainly loo stale. Nor is there any proof, that these were assigned as dower. There are many witnesses who speak of the hearsays and rumours, and impressions of the neighbours; but none know any thing of the matter. The inventory is not signed by the administratrix, and therefore is no inventory; no proof that the property mentioned in it belonged to the intestate. This is expressly decided in Carr v. Anderson, 2 Hen. & Munf. 361. Therefore, whether we take the case upon the original or supplemental bill, the decree must be affirmed.